UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-CR-80082-Ruiz/Reinhart

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DAREN BERNARD RAZZ, III,

     Defendant.

_____/

REPORT AND RECOMMENDATION ON MOTION TO DISMISS INDICTMENT
[ECF No. 73]

Before the Court is Defendant Daren Bernard Razz ("Mr. Razz")'s Motion to Dismiss Indictment (the "Motion"). ECF No. 73. This matter was referred to me by the Honorable Rodolfo A. Ruiz. ECF No. 74.  Having considered the Motion and the Government's Response (ECF No. 87), and otherwise being fully advised, I recommend that the Motion be DENIED.

I.     PROCEDURAL BACKGROUND

Mr. Razz and his co-defendant, Michael Roundtree, were arrested on August 4, 2020 and charged by complaint with one count of committing a Hobbs Act robbery. ECF No. 1. On August 12, 2020, Judge Brannon held a detention hearing for Mr. Razz and ultimately ordered Mr. Razz be detained pre-trial. ECF No. 5. On August 19, 2020, Judge Matthewman granted the Government's Unopposed Motion to Continue Mr. Razz's preliminary hearing and arraignment to October 23, 2020. ECF No. 15. In

granting the unopposed motion to continue, Judge Matthewman held that the time

period between August 19, 2020 and October 23, 2020 to be excludable under the

Speedy Trial Act and tolled the speedy trial period until October 23, 2020. In doing

so, he made the following specific findings:

> In light of Administrative Orders 2020-18, 2020-20, 2020-21, 2020-22, 2020-23, 2020-24, 2020-33, 2020-41, and 2020-53 issued by Chief District Judge K. Michael Moore, which the Court expressly adopts herein, and in light of the ongoing COVID-19 pandemic, as well as the representations of counsel made at the hearing, the Court finds that the ends of justice served by continuing the preliminary examination/arraignment outweigh the interests of Defendant and the public in a speedy trial. Due to the current public health emergency, the interests of justice require the Court to take additional steps and grant continuances and extensions where necessary to protect the health and safety of parties, counsel, grand jurors, and court staff. The interests of justice also require that steps be taken to ensure that counsel and clients (particularly incarcerated clients) have meaningful consultation with their counsel.

ECF No. 18. On October 22, 2020, Mr. Razz filed a Motion to Continue the

preliminary hearing/arraignment set for October 23, 2020. The reasons set forth in

his Motion to Continue were that "discovery is voluminous . . . and additional time is

needed to review and prepare and pursue a possible settlement as well as the Covid-

19 situation impacting the trial courts." ECF No. 24 ¶ 3. Judge Matthewman granted

Mr. Razz's Motion to Continue the same day and reset the preliminary

hearing/arraignment for November 18, 2020. ECF No. 25. In doing so, Judge

Matthewman found the time from October 22, 2020 to November 18, 2020 excludable

from the Speedy Trial Act because "the ends of justice served by granting this

continuance outweigh the interests of the defendant and the public in a speedy trial."
*Id.*

At the preliminary probable cause hearing on November 18, 2020, Judge Matthewman granted the parties' joint request to reset Mr. Razz's arraignment. ECF No. 27. The reason the Government cited for its request was that it was not able to present an indictment in Mr. Razz's case to a grand jury until December 1, 2020 because that was the first grand jury day allotted to the West Palm Beach branch of the US Attorney's Office. ECF No. 42 at 5. Mr. Razz did not object to the Court resetting the arraignment for December 1st. In granting the request, Judge Matthewman made the following specific findings on the record:

> In light of Administrative Orders 2020-18, 2020-20, 2020-21, 2020-22, 2020-23, 2020-24, 2020-33, 2020-41, and 2020-53 issued by Chief District Judge K. Michael Moore, which the Court expressly adopts herein, and in light of the ongoing COVID-19 pandemic, as well as the representations of counsel made at the hearing, the Court finds that the ends of justice are served by postponing the Defendant's Preliminary Hearing/Arraignments until December 2, 2020, and that this outweighs the interests of Defendant and the public in a speedy trial. There is good cause for such a continuance of the preliminary hearing. Due to the current public health emergency, the interests of justice require the Court to take additional steps and grant continuances and extensions where necessary to protect the health and safety of parties, counsel, grant jurors, and court staff. The interests of justice also require that steps be taken to ensure that counsel and clients (particularly incarcerated clients) have meaningful consultation with their counsel . . . The time period between November 18, 2020 and December 2, 2020 is excludable under the Speedy Trial Act, and the speedy trial period is tolled until December 2, 2020 in the interests of justice.

ECF No. 28. [1]

---

[1] Judge Matthewman also stated on the record that the speedy trial period was tolled "in light of the COVID-19 pandemic, the orders of Chief Judge Moore and the CARES

On December 1, 2020, Mr. Razz was indicted for one count of conspiracy to commit Hobbs Act robbery, nine counts of Hobbs Act robbery, nine counts of possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a felon. ECF No. 30.  On June 28, 2021, Mr. Razz filed the instant Motion to Dismiss. ECF No. 73. In it he argues that the indictment should be dismissed with prejudice because (1) it violates his right to a speedy trial under the Sixth Amendment (as codified by 18 U.S.C. § 3161(b), the "Speedy Trial Act"), (2) it violates his rights under the Due Process Clause of the Fifth Amendment, and (3) it violates Federal Rule of Criminal Procedure 48(b). He argues that the Court's reliance on Chief Judge Moore's blanket administrative orders continuing Speedy Trial Act Deadlines does not satisfy the specific findings requirement of 18 U.S.C. § 3161(h)(7)(A). ECF No. 73 at 3, 7.

II.    ANALYSIS

1. *Speedy Trial Act*

Under the Speedy Trial Act, an indictment must be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). It also provides, however, for certain specified periods of time from speedy trial calculations:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in

---

Act, and the fact that there have been no sitting grand jurors, and the grand jurors for West Palm Beach is supposed to begin December 1st, 2020, and this is the first available date after the grand jury meets on December 1st." ECF No. 41 at 57.

computing the time within which the trial of any such offense must commence:

(1)     Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

***

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

***

(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government;

***

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h); *see also United States v. Jernigan*, 341 F.3d 1273, 1286 (11th Cir. 2003).

Mr. Razz argues that Chief Judge Moore's administrative orders continuing the deadlines for indictments in the district were improper because they were "blanket continuances" that do not satisfy the requirement that a Judge make specific findings that "the ends of justice served . . . outweigh the best interest of the public and the defendant in a speedy trial." ECF No. 73 at 3. Mr. Razz also argues that the continuances were not granted with the specific findings required by 18 U.S.C. § 3161(h)(7)(A), but instead were granted "automatically based upon the cited administrative orders" and without "inquiry into whether such continuances were needed." ECF No. 73 at 7. I disagree. In reviewing the transcripts of hearings before Judge Matthewman and his subsequent Orders Regarding Speedy Trial (ECF Nos.

18, 25, 27–28), I find that in each instance of tolling, Judge Matthewman made individualized findings on the record that were specific to the facts and needs of this case, and therefore satisfy the requirements of 18 U.S.C. § 3161(h)(7)(A). Judge Matthewman took into account not only the public safety concerns from Covid-19, but also the fact that Mr. Razz's counsel needed more time to review discovery or discuss possible plea agreements with opposing counsel. He also specially considered that, despite the fact that Judge Moore had removed the suspension of grand juries, the first grand jury time slot allotted to US Attorneys in the West Palm Beach division was not until December 1, 2020. ECF No. 42 at 57. Thus, I find Judge Matthewman's findings were not "blanket continuances' but took into account the specific needs of this case and this Defendant, and therefore satisfy the requirements for tolling time under the Speedy Trial Act in accordance with 18 U.S.C. § 3161(h)(7)(A).

I need not resolve whether Chief Judge Moore's administrative orders satisfy the specificity requirements of the Speedy Trial Act, because Judge Matthewman's tolling orders did. When taking into account Judge Matthewman's tolling orders, only fifteen days passed between the day Mr. Razz was arrested and the day he was indicted. He was arrested on August 4, 2020, (ECF No. 1). The Speedy Trial period was tolled in accordance with U.S.C. § 3161(h)(7)(A) from August 19, 2020 through December 2, 2020. Thus, fifteen of the allotted thirty days passed on the Speedy Trial clock. On grounds of violation of the Sixth Amendment as codified by 18 U.S.C. § 3161(b), Mr. Razz's Motion to Dismiss the Indictment should be **DENIED**.

2. *Due Process Clause*

An accused is provided protection from unnecessary delays in the prosecutorial process via the Due Process Clause of the Fifth Amendment. *United States v. Foxman*, 87 F.3d 1220 (11th Cir. 1996); *United States v. Butler*, 792 F.2d 1528 (11th Cir. 1986). In order to establish a Due Process Clause violation based on pre-indictment delay, a defendant bears the burden of showing that "(1) the delay actually prejudiced his defense; and (2) that the United States deliberately delayed indictment to gain a tactical advantage over him." *United States v. Stoudemire*, No. 1:20-CR-220-SDG-RDC-1, 2021WL2327059, at *2 (N.D. Ga. Apr. 5, 2021) (citing *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016)). This standard "is an exceedingly high one." *Butler*, 792 F.2d at 1533. Further, the defendant must "show that the loss impaired his ability to prove a meaningful defense." *Stoner v. Graddick*, 751 F.2d 1535, 1544 (quoting *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982)).

Mr. Razz argues that the Government has violated his rights under the Due Process Clause of the Fifth Amendment by detaining him for 119 days before filing the indictment outside of the established time limitations set forth in 18 U.S.C. § 3161(h). ECF No. 73 at 14. Mr. Razz addresses both elements of Due Process Clause violation based on pre-indictment delay when arguing that the indictment should be dismissed with prejudice.

First, Mr. Razz argues that the delay prejudiced his defense "by infringing his constitutional rights and liberties thereof." *Id*. at 7. Regarding the second requirement, he implies that the Government's delay was intentional in that after

months of maintaining that a grand jury could not be convened, the US Attorney's Office was suddenly and miraculously able to convene one in December 2020 to indict Mr. Razz. *Id.* at 11. He further contends that by intentionally delaying the empaneling of a grand jury, the Government obtained both tactical and strategic advantages: the tactical advantage being the Government's ability to "investigate and gather evidence," and the strategic advantage being the Government's ability to hold defendants in custody for an indeterminate period of time in order to coerce them into accepting a guilty plea that they may not have otherwise accepted. *Id.* at 11.

The Government argues that the indictment delay was not intentional. It explains that although Chief Judge Moore reconvened grand juries on November 16, 2020, that order was not without limits. ECF No. 87 at 10. The West Palm Beach branch of the US Attorney's Office was not assigned a grand jury day until December 1, 2020, fifteen days after Chief Judge Moore's Order. Regarding their supposed tactical advantage, the Government argues that it "conducted no grand jury investigation after Razz's arrest" and therefore did not gain a tactical advantage by delaying the indictment. *Id.* Further, the Government correctly notes that Mr. Razz did not plead guilty, so the Government could not have obtained a strategic advantage, in this case, by Mr. Razz's continued detention. *Id.*

I do not find that Mr. Razz has met his "exceedingly high burden" to show that that the Government deliberately delayed the indictment to gain a tactical advantage, or that the delay prejudiced his defense. He has not presented any specific and concrete evidence as to prejudice or as to bad faith tactical maneuver on the part

of the Government that would warrant dismissal of the indictment. Accordingly, on grounds of violation of the Due Process Clause of the Fifth Amendment, Mr. Razz's Motion to Dismiss the Indictment should be **DENIED**.

3. *Federal Rule of Criminal Procedure Argument*

Finally, Mr. Razz asks the Court to dismiss the Indictment against him under Federal Rule of Criminal Procedure 48(b). ECF No. 73 at 15. Because Mr. Razz's rights under the Speedy Trial Act and the Fifth/Sixth Amendments have not been violated, there is no basis to dismiss under Fed. R. Crim. P. 48(b). *See United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009) (when a defendant fails to establish that his Sixth Amendment right to a speedy trial was violated, "there is no basis for concluding that the district court abused its discretion in refusing to grant appellant's motion insofar as it relied on [Rule 48(b)]").

Given that I do not find that the case against Mr. Razz should be dismissed, I need not answer the question of whether it should be dismissed with or without prejudice.

## RECOMMENDATION

WHEREFORE, I hereby **RECOMMEND** that Defendants' Motion to Dismiss (ECF No. 73) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being

served with a copy of this Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation**.

**DONE AND SUBMITTED** in Chambers this 4th day of August 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE