UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80082-RAR

**UNITED STATES OF AMERICA**

vs.

**DAREN BERNARD RAZZ, III**

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court upon Defendant Daren B. Razz, III's *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 165]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 166], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

On August 5, 2020, Daren B. Razz, III was brought before Magistrate Judge Dave Lee Brannon, [ECF No. 4], on the basis of a Criminal Complaint alleging interference with commerce by threats or violence in violation of 18 U.S.C. § 1951, [ECF No. 1]. On December 1, 2020, a federal grand jury returned a twenty-count indictment, [ECF No. 30], charging Defendant with one count of conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951 (Count 1); seven counts of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 (Counts 2–8); two counts of attempted interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 (Counts 9–10); nine counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 11–19); and

one count of possession of a firearm by a felon in violation of 18 U.S.C. § 924(c)(1)(A) (Count 20). *See generally* Indict. On September 13, 2021, the morning of his scheduled trial, Defendant pleaded guilty to two counts of interference with commerce by threats or violence (Counts 7 and 8) and one count of using and carrying a firearm in furtherance of a crime of violence (Count 19). *See* [ECF No. 135] at 1. As part of his guilty plea, Defendant signed a factual proffer admitting his involvement in a string of armed robberies that occurred in the summer of 2020. *See generally* [ECF No. 135]. Specifically, on two separate occasions in 2020, Defendant and his brother Michael Anthony Roundtree Jr. entered two separate stores and robbed them both, holding the stores' employees at gunpoint along the way. [ECF No. 135] at 8–9. On both occasions, the stores' employees were locked inside, and their hands were zip-tied while Defendant and his brother pointed guns at them and stole merchandise and money from the stores' safes. *Id.*

Prior to sentencing, Defendant's Final Revised Presentence Investigation Report ("Revised PSR"), [ECF No. 150], assigned Defendant an adjusted offense level of 26 as to Counts 7 and 8. Revised PSR ¶ 74. Notably, Defendant was also assigned seven criminal history points as a result of three prior convictions, yielding a criminal history category of IV. Revised PSR ¶ 89; *see also* U.S.S.G. § 5A. Accordingly, Defendant's final revised sentencing range was set at 92–115 months as to Counts 7 and 8 along with a minimum mandatory 60-month sentence as to Count 19, to be served consecutively, as required by 18 U.S.C. § 924(c)(1)(A)(i). *See* Revised PSR ¶ 136; *see also* U.S.S.G §§ 2K2.4(b); 5G1.2(a). At sentencing on November 19, 2021, both the Government and Defendant confirmed their agreement with the Revised PSR's guideline calculations. [ECF No. 160] at 5:3-5:17. The Court ultimately sentenced Defendant to a middle-of-the-guidelines sentence of 103 months' imprisonment on Counts 7 and 8 to be served concurrently, followed by the statutorily-mandated 60 months' imprisonment on Count 19 to be served consecutive to the

sentence imposed on Counts 7 and 8, along with three years of supervised release as to each count to be served concurrently. *See* [ECF No. 152].

On February 8, 2024, Defendant filed the instant Motion, in which Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No 165]. Defendant's Motion argues that extraordinary and compelling reasons warrant his early release, including: (1) his alleged rehabilitation during his incarceration; (2) "the changes in law, such as Amendment 821 where the U.S. Sentencing Commission has amended the rules for calculating criminal history points 'status points' provision in U.S.S.G. § 4A1.1(d) and §4C1.1"; and (3) Amendment 814, which altered the compassionate release framework governing courts' consideration of 18 U.S.C. § 3582(c)(1)(A) Motions. *See* Mot. at 5–6. Defendant also includes a request for the Court to appoint counsel to assist with his Motion. Mot. at 6.

## ANALYSIS

Though styled solely as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant's Motion also seeks a sentence reduction pursuant to the Sentencing Commission's recent retroactive changes to the Sentencing Guidelines. Accordingly, the Court construes Defendant's Motion as requesting three distinct forms of relief: **(1)** a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A); **(2)** a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of the newly effective and retroactively applicable (A) criminal history "status point" calculation alteration and (B) the so-called "zero-point offender" adjustment; and **(3)** a request for court-appointed counsel to assist with the Motion's aforementioned requests. But as explained herein, Defendant has failed to demonstrate extraordinary and compelling reasons warranting compassionate release, and he fails to qualify for both the status points calculation alteration and the zero-point offender adjustment. Thus,

Defendant's Motion must be denied. Accordingly, the Court finds the interests of justice do not support Defendant's request for appointment of counsel.

### I. *Defendant Has Failed to Demonstrate Extraordinary and Compelling Reasons*

Generally, a court "may not modify a term of imprisonment once it has been imposed." *United States v. Lazo*, No. 22-13508, 2024 WL 748665, at *2 (11th Cir. Feb. 23, 2024) (quoting 18 U.S.C. § 3582(c)). However, Title 18, Section 3582(c)(1)(A) of the United States Code—commonly referred to as the "compassionate release" provision—is a limited exception to this general rule. *See id.* This statutory provision authorizes courts, in relevant part, to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]

In 2018, Congress passed the First Step Act ("FSA"),[2] Section 604 of which expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions, where previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [United States Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Bryant*, 996 F.3d at 1259. Thus, as modified by the FSA, Section 3582(c)(1)(A) now provides:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . ,

---

[1] Section 3582(c)(1)(A)(ii) also allows for a sentence reduction where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Here, because Defendant is not 70 years of age and has not served 30 years in prison, subsection (ii) is inapplicable.

[2] First Step Act of 2018, Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5239. The First Step Act was enacted on December 21, 2018.

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable *policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

With respect to the applicable policy statements referenced in Section 3582(c)(1)(A), 28 U.S.C. § 994(t) commands that "[t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples[.]" And as the Eleventh Circuit has noted, "the Commission did [so in promulgating Section] 1B1.13, which is entitled 'Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A).'" *Bryant*, 996 F.3d at 1247. Thus, the Section 1B1.13 Policy Statement governs courts' consideration of compassionate release motions filed under Section 3582(c)(1)(A). *See id.*; 28 U.S.C. § 994(t).

Notably, in April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the Section 1B1.13 Policy Statement,[3] including (1) moving the list of circumstances that qualify as "extraordinary

---

[3] By way of background, the Court notes that for several years after the passage of the FSA, the Sentencing Commission lacked the requisite quorum to update Section 1B1.13 in accordance with the FSA's changes to the compassionate release provision codified at Section 3582(c)(1)(A). Thus, "before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act." *United States v. Padilla*, No. 16 CR. 317-04 (PAE), 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024). But after Congress changed the statute to allow defendants to file motions in addition to the BOP, a circuit split emerged concerning whether Section 1B1.13 constituted an "applicable policy statement" for defendant-filed motions, since the policy statement, quoting the pre-existing statute's language, began with the phrase "[u]pon motion of the Director of the Bureau of Prisons." *Bryant*, 996 F.3d at 1247. As a result, some circuits determined that Section 1B1.13 was not an "applicable policy statement" binding judicial discretion as to defendant-filed motions, effectively affording courts in these circuits great discretion, under Application Note 1(D), concerning whether to grant or deny compassionate release motions. *Id.* at 1248. Other circuits, including the Eleventh Circuit, continued to consider Section 1B1.13 an applicable policy statement for all Section 3582(c)(1)(A) motions, notwithstanding the former

and compelling" from the Application Notes in Section 1B1.13's Commentary to a standalone subsection placed within the main body of the Section 1B1.13 Policy Statement; (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in Section 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category, which permits courts to consider non-retroactive changes in law under a specific set of circumstances. *Compare* U.S.S.G. § 1B1.13 (2023)[4] *with* U.S.S.G. § 1B1.13 (2021); *see also Prada*, No. 22-13059, at 6–7. Thus, as modified, the new Section 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under Section 3582(c)(1)(A): (1) Medical Circumstances of the Defendant;

---

version of Section 1B1.13's prefatory phrase "[u]pon motion of the Director of the Bureau of Prisons." *Id.* (holding, "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop "other reasons" that might justify a reduction in a defendant's sentence."). Accordingly, prior to November 1, 2023, the law in the Eleventh Circuit was that Section 1B1.13 Application Note 1(D) did not grant courts discretion to develop their own "other reasons" that might justify a reduction in a defendant's sentence beyond those articulated by the BOP. *See id.* However, in light of Amendment 814's recent changes to Section 1B1.13, this circuit split now appears to be moot, since the new Section 1B1.13 moves the circumstances constituting extraordinary and compelling reasons from the commentary into the text of the Section 1B1.13 Policy Statement itself; brings the language of Section 1B1.13 in line with the FSA; and removes the ambiguity from the previous version of Section 1B1.13. *See United States v. Prada*, No. 22-13059, slip op. at 6–7 (11th Cir. Mar. 27, 2024) (per curiam) (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."). Accordingly, Section 1B1.13 now controls courts' evaluation of all compassionate release petitions, whether BOP or defendant initiated.

[4] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023).

(2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (2023); *see also Prada*, No. 22-13059, at 6–7.

Further, as to the relevance of the filing-defendant's rehabilitation while incarcerated, the revised Section 1B1.13 now states, "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (2023). Critically, Amendment 814's key change to the Section 1B1.13 rehabilitation provision is the addition of a new clause that now explicitly allows courts to consider a defendant's rehabilitation while serving a sentence in determining whether and to what extent a sentence reduction is warranted, so long as rehabilitation is considered in combination with "other circumstances." *Compare* U.S.S.G. § 1B1.13(d) (2023) *with* U.S.S.G. § 1B1.13 cmt. n.3 (2021).

But even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that early release remains consistent with "the factors set forth in section 3553(a) to the extent that they are applicable" before a sentence reduction is proper. *See* 18 U.S.C. § 3582(c)(1)(A). Thus, under Section 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in Section 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in Section 1B1.13. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United*

*States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

Finally, for defendant-filed motions brought under Section 3582(c)(1)(A), the defendant must first meet the statute's administrative exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A), and the defendant also bears the burden of establishing that compassionate release is warranted, s*ee United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act).

Turning to Defendant's Motion, the Government does not argue that Defendant failed to exhaust his administrative remedies before filing this Motion, *see* Resp. at 4, so the Court may proceed directly to evaluate it on the merits. And on the merits, Defendant fails to establish extraordinary and compelling reasons warranting a sentence reduction as Section 3582(c)(1)(A)(i) requires. Specifically, apart from the zero-point offender and status point changes to the Sentencing Guidelines, Defendant cites only his alleged rehabilitation while incarcerated as the sole extraordinary and compelling reason warranting a sentence reduction. But as noted above, the revised Section 1B1.13 explicitly provides that "[p]ursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (2023). Because Defendant does not proffer any other discernible "extraordinary and compelling reasons" as defined in Section 1B1.13 in support of his petition for a sentence reduction, the Court is unable

to grant a sentence reduction based solely on Defendant's alleged rehabilitation. Accordingly, Defendant's request for a sentence reduction under Section 3582(c)(1)(A) fails.

### *II. Defendant Does Not Qualify for Either of Amendment 821's Retroactive Changes*

The Court next considers what it construes to be Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission . . . .*" 18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, under Section 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a contemplated reduction is consistent with the applicable policy statements. *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023). Second, the Court must consider the Section 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. *Id.*

Relevant here, the Sentencing Commission passed Amendment 821 on April 27, 2023, and the changes became effective on November 1, 2023. *See* U.S.S.G. § 1B1.10 (d)–(e) (2023). Notably, on August 24, 2023, the Sentencing Commission also voted to give retroactive effect to Part A and Part B, subpart 1 of Amendment 821. *See id.* As noted above, Defendant's Motion cites "the changes in law, such as Amendment 821 where the U.S. Sentencing Commission has amended the rules for calculating criminal history points 'status points' provision in U.S.S.G. § 4A1.1(d) and §4C1.1," and the Motion accordingly argues that "[a]ll of the new changes and amendments may have an effect upon my criminal history . . . ." Mot. at 5–6. But although Defendant properly cites both retroactive portions of Amendment 821, as explained below, he qualifies for neither.

### A. Defendant Does Not Qualify for Amendment 821's Changes to U.S.S.G. § 4A1.1

Defendant first cites U.S.S.G. § 4A1.1. Part A of Amendment 821 modifies how criminal history status points are calculated under Section 4A1.1 of the Sentencing Guidelines. *See* U.S.S.G. amend. 821, pt. A; U.S.S.G. § 4A1.1(e) (2023). Relevant here is the newly designated Section 4A1.1(e), which limits criminal history "status points"—*i.e.*, points added to the defendant's criminal history calculation if he or she committed the instant offense while under "probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (2023). More specifically, status points under Section 4A1.1(e) are limited to one point for offenders with seven or more criminal history points and are eliminated altogether for offenders with six or fewer criminal history points. *See id.*; *see also United States v. Conway*, No. 22-CR-00037-DKW, 2024 WL 778146, at *1 (D. Haw. Feb. 26, 2024). However, even if a defendant's guidelines range is subsequently lowered by the Sentencing Commission, the reduction must still be "consistent with the applicable policy statements issued by the Sentencing Commission." 18

U.S.C. § 3582(c)(2).  The applicable policy statement here is U.S.S.G. § 1B1.10, which further states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(1).  And under the 2023 U.S.S.G. Sentencing Table, defendants with 7 criminal history points—like Razz—are classified as criminal history category IV.  *See* U.S.S.G. § 5A (2023).

Here, Defendant is incorrect that the new Section 4A1.1(e) retroactively reduces his criminal history points, as he did not receive any criminal history "status points" when the Court originally calculated his criminal history points under the old Section 4A1.1(d) prior to sentencing. *See* Revised PSR ¶ 89.  Accordingly, Defendant's adjusted guidelines range remains unchanged, and no sentence reduction is warranted.  *See* U.S.S.G. § 1B1.10(a)(1) (stating the court may reduce the defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) when the guidelines range applicable to the defendant is subsequently lowered); *see also Conway*, 2024 WL 778146, at *1 (denying § 3582(c)(2) motion filed pursuant to Amendment 821, Part A because the new § 4A1.1(e) did not alter the calculation of defendant's criminal history points).

### B. Defendant Does Not Qualify for Amendment 821's Changes to U.S.S.G. § 4C1.1

Defendant next cites U.S.S.G. § 4C1.1.  Part B, subpart 1 of Amendment 821, the so-called zero-point offender adjustment, establishes a set of ten criteria that a defendant must meet in order to qualify for the two-level reduction for zero-point offenders.  *See* U.S.S.G. § 4C1.1.  Specifically, a defendant is eligible for a two-level reduction in his offense level under Section 4C1.1 if he or she meets all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

See U.S.S.G. § 4C1.1 (2023).

Here, Defendant does not qualify for the zero-point offender adjustment because he fails to meet Section 4C1.1(a)(1)'s requirement above. Indeed, the PSR indicates that Defendant had seven prior criminal history points. See Revised PSR ¶ 89. Defendant is accordingly disqualified from relief upon this basis, and no sentence reduction is warranted under Section 4C1.1's zero-point offender adjustment.

### III. The Interests of Justice Do Not Necessitate the Court's Appointment of Counsel

In light of the Court's foregoing analysis, which confirms that Defendant's various theories for a sentence reduction are not meritorious, Defendant's request for assistance of counsel must

also be denied. The Eleventh Circuit has held that there is no right to the appointment of counsel in Section 3582(c)(1)(A) proceedings, and that such decisions are "left to the discretion of the district court." *United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (quoting *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (holding there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings)). And, as the *Rolon* Court also noted, "*pro se* status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'" *Id.* (cleaned up) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

The Eleventh Circuit has similarly held that here is no right to the appointment of counsel for Section 3582(c)(2) motions. *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Because Defendant's motion is not meritorious, the Court accordingly finds that the interests of justice do not necessitate the appointment of counsel here.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Daren Bernard Razz, III's *Pro Se* Motion, [ECF No. 165], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 1st day of April, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**